IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID GARRISON, : | |
|     Petitioner, : | Case No. 3:25-cv-222 |
| v. : | JUDGE WALTER H. RICE |
| DEBRA GARRISON, et al., : | |
|     Respondents. : | |

ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #1); OVERRULING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. #2), MOTION FOR EMERGENCY PRELIMINARY INJUNCTION (DOC. #3), AND MOTION FOR EXPEDITED HEARING (DOC. #4); SUSTAINING MOTION FOR LEAVE TO PARTICIPATE IN ELECTRONIC CASE FILING (DOC. #5); JUDGMENT TO BE ENTERED IN FAVOR OF RESPONDENTS AND AGAINST PETITIONER; TERMINATION ENTRY

Petitioner David Garrison ("Petitioner") brings this Petition for Emergency Writ of Habeas Corpus alleging the unlawful custodial removal of his children, E.G. and A.G. (collectively, "children"). Doc. #1, PageID #1. He seeks relief under "28 U.S.C. § 2241(c)(3), not § 2254, as this involves an ongoing civil restraint." *Id.*

Petitioner was granted full custody of the children on May 25, 2022. Doc. #1, PageID #2. On July 28, 2023, the children's material grandmother filed two complaints in the Miami County Court of Common Pleas. The first sought legal custody of the children and the second sought Grandparent Companionship and/or

Visitation Rights. Doc. #1, PageID #50–56. The children's mother filed a Motion for Emergency Custody on November 17, 2023. Doc. #1, PageID #61.

On February 2, 2024, Miami County Child Protective Services ("CPS") received a report alleging concerns of neglect. *Id.* at PageID #86. That same day, a CPS caseworker and a CPS supervisor conducted an unannounced visit at the Petitioner's house where he lived with his children, during which the CPS workers were turned away and not permitted to evaluate the living conditions. *Id.* An emergency *ex parte* order was obtained from the Miami County Court of Common Pleas and the children were removed from the house. *Id.* at PageID #87. CPS moved to withdraw the complaint alleging neglect on February 13, 2024. *Id.* at PageID #89.

On February 23, 2024, Magistrate Judge Jaqua conducted a hearing on the two complaints filed by the maternal grandmother and the emergency motion filed by the mother. Doc. #1, PageID #119. At the conclusion of the hearing, the Magistrate Judge awarded interim custody of the children to the maternal grandmother. *Id.* This interim custody was finalized in an order filed March 15, 2024. Doc. #1, PageID #120–22. Petitioner filed a motion to vacate the final custody order on August 21, 2024. Doc. #1, PageID #124–39. Petitioner claims this motion was never ruled upon. Doc. #1, PageID #123. After Petitioner filed an appeal, the Court of Appeals of Ohio, Second Appellate District upheld the custody determination. Doc. #1, PageID #141–48.

Even a cursory examination of 28 U.S.C. § 2241(c)(3) and Petitioner's claims reveals that this Court does not have Subject Matter Jurisdiction to consider the petition. Unlike 28 U.S.C. §§ 2254 & 2255 which provide an avenue for prisoners to collaterally attack their convictions, 28 U.S.C. § 2241 permits a petitioner to file a petition for habeas corpus if they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In other words, Sections 2254 and 2255 provide remedies for claims involving the imposition of the sentence, whereas Section 2241 provides a remedy for claims involving the execution of the sentence.

One requirement under all those statutes, including Section 2241, is that the petitioner must be an individual in custody. This requirement is jurisdictional, and without that element, courts may not consider the habeas petition. *Hautzenroeder v. DeWine*, 887 F.3d 737, 740 (6th Cir. 2018). Generally speaking, this requires a showing that the petitioner has been convicted and is in the physical custody of the State. *Lehman v. Lycoming Cnty. Childs. Servs. Agency*, 458 U.S. 502, 508 (1982). While this doctrine has been expanded to permit individuals on parole or those suffering post-confinement restrictions to challenge their sentences, it has never been extended to permit Petitioner's interpretation. *Id.* at 508–09, 511 ("Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody.").

3

Without a showing that Petitioner is in custody, habeas relief, whether under Section 2241 or any other section, is unavailable. Therefore, under binding precedent, this Court lacks subject matter jurisdiction to review the pending petition and it must be dismissed. Because the Court cannot review the petition, Petitioner's pending motions: Motion for Temporary Restraining Order, Doc. #2; Motion for Emergency Preliminary Injunction, Doc. #3; and Motion for Expedited Hearing, Doc. #4 are OVERRULED AS MOOT. Petitioner's Motion for Leave to Participate in Electronic Case Filing is SUSTAINED.

The Court DISMISSES Petitioner David Garrison's Petition for Writ of Habeas Corpus. Doc. #1.

Judgment shall be entered in favor of Respondents and against Petitioner.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: July 3, 2025

*Walter H. Rice*

WALTER H. RICE
UNITED STATES DISTRICT JUDGE